# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SHAWNTELL HASTY,

   Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

   Defendant.

Civil Case No. JKB-17-1709

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the pending dispositive motion and to make recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 301.5(b)(ix). [ECF No. 4]. Plaintiff Shawntell Hasty filed this action *pro se* under the Social Security Act, 42 U.S.C. § 405(g), seeking review of the denial of her claim for benefits by the Social Security Administration ("Commissioner"). [ECF No. 1]. The Commissioner has filed a motion to dismiss on the basis that Ms. Hasty filed her civil action outside the applicable statute of limitations. [ECF No. 9]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, I recommend that the Court grant the Commissioner's motion to dismiss.

On December 27, 2016, the Administrative Law Judge ("ALJ") issued an unfavorable decision, finding that Ms. Hasty was not disabled within the meaning of the Social Security Act. [ECF No. 9-2, at 26-34]. In a Notice of Appeals Council Action ("Notice") dated April 13, 2017, the Appeals Council ("AC") denied Ms. Hasty's request for review and stated, in relevant part:

> You have 60 days to file a civil action (ask for court review). The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

*Id.* at 43.

On June 22, 2017, Ms. Hasty petitioned this Court to review the Commissioner's final decision to deny her claim for benefits. [ECF No. 1]. On October 16, 2017, the Commissioner filed a Motion to Dismiss on the basis that Ms. Hasty failed to file her civil action within the applicable statute of limitations. [ECF No. 9]. On November 6, 2017, Ms. Hasty filed a response in opposition to the Commissioner's motion, contending that she did not receive the Notice within the statutory time period. [ECF No. 11]. Specifically, Ms. Hasty argued: (1) that she did not receive the Notice in a timely manner; and (2) that she requested an extension at the administrative level. *Id.* This Court issued an order on November 30, 2017, instructing Ms. Hasty to file documentation to support her contention that she requested an extension at the administrative level. [ECF No. 12]. On December 14, 2017, Ms. Hasty filed a response to this Court's order, but did not include the requested documentation. [ECF No. 13].

The Commissioner argues that Ms. Hasty's complaint fails to state a claim upon which relief can be granted, because it was not filed within the applicable statute of limitations, and Ms. Hasty did not request an extension of the deadline. [ECF No. 9-1, at 2-4]. Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions, including specified filing deadlines. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The limitations period must therefore be strictly enforced, absent: (1) an agreement by the Commissioner to toll the deadlines; or (2) a valid basis for equitable tolling of the deadlines. "[B]ecause of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff

in order to conceal the existence of a cause of action.'" *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000) (quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)).

In response to the Commissioner's motion, Ms. Hasty contends: (1) that she did not receive the Notice in a timely manner due to an incorrect address; and (2) that she asked for an extension at the administrative level and "even submitted docutments [sic] that was not [sic] taken into consideration." *Id.* First, although the Notice contained the wrong address, *see* [ECF No. 9-2, at 42], the AC mailed the Notice to the residential address provided by Ms. Hasty in her Request for Review of Hearing Decision/Order, *see id.* at 41-42. Thus, any error is not the result of any misconduct on the part of the Commissioner. *See Chao v. Virginia Dept. of Transportation*, 291 F.3d 276, 283 (4th Cir. 2002) ("Equitable tolling is not appropriate, however, 'where the claimant failed to exercise due diligence in preserving [her] legal rights.'") (quoting *Irwin v. Dept. of Veterans*, 498 U.S. 89, 96 (1990)). Ms. Hasty also provided documentation showing that the Notice was not mailed until April 17, 2017, four days after the April 13, 2017 date on the Notice. *See* [ECF No. 9-2, at 49]. Even viewing the circumstances in the light most favorable to Ms. Hasty and using the mailing date from the postmark, instead of the letter, under the presumption set forth by Social Security regulations, Ms. Hasty received the Notice on April 22, 2017—five days after the letter was mailed—and therefore was required to file a complaint on June 21, 2017. *See* 20 C.F.R. §§ 404.901, 422.210(c). Ms. Hasty did not file her action until June 22, 2017. [ECF No. 1]. Furthermore, Ms. Hasty has failed to provide any evidence to support her allegation that she requested an extension at the administrative level. As a result, equitable tolling is not warranted. Ms. Hasty filed her case after the statutory limitations period had run. Accordingly, the Commissioner's Motion to Dismiss must be granted.

For the foregoing reasons, I recommend that the Commissioner's Motion to Dismiss, [ECF No. 9], be granted. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b. I direct the Clerk to mail a copy of this Report and Recommendations to Plaintiff at the address listed on the docket.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: December 19, 2017                              /s/
                                                                        Stephanie A. Gallagher
                                                                        United States Magistrate Judge